UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| JAMES M. LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-00842 (RBW) |
| | ) |
| SECRETARY OF THE NAVY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

James M. Lewis, the pro se plaintiff in this civil case, seeks injunctive and declaratory relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 (2006) and 28 U.S.C. § 1331 (2006), alleging that the Secretary of the Navy (the "Secretary"), the Board for Correction of Naval Records (the "Board"), and W. Dean Pheiffer, Executive Director of the Board,[1] violated 10 U.S.C. § 1552 (2006) by "confer[ring] adjudicatory power on staff members who work for, but are not members of [the Board]" and allowing them "to evaluate reconsideration requests submitted by veterans and active [duty] members of the Navy and Marine Corps."[2]  Complaint ("Am.

---

[1] The Court notes that the plaintiff lists the Secretary of the Navy, the Board for Correction of Naval Records, and W. Dean Pheiffer as defendants in the body of the amended complaint, however, only the Secretary of the Navy has been named in the caption as a defendant for purposes of this lawsuit.

[2] 10 U.S.C. § 1552(a)(1) allows "[t]he Secretary of a military department [to] correct any military record of the Secretary's department where the Secretary considers it necessary to correct an error or remove an injustice." Id. "[S]uch corrections shall be made by the Secretary acting through boards of civilians of the executive part of th[e applicable] military department." Id.

Compl.") at 1.[3]  Currently before the Court is the defendants' motion to dismiss, Defendant's Motion to Vacate Entry of Default; Defendant's Opposition to Plaintiff's Motion for Default Judgment; and Defendant's Motion to Dismiss at 1, and the plaintiff's cross-motion for summary judgment.  Upon consideration of the plaintiff's amended complaint, the defendants' motion to dismiss, and all relevant submissions by the parties,[4] the Court concludes for the reasons that follow that the defendants' motion to dismiss must be granted.

## I. BACKGROUND[5]

The following facts are not in dispute and are taken from either the amended complaint or the defendant's memorandum in support of its motion to dismiss.  The plaintiff enlisted in the United States Marine Corps in 1968.  Def.'s Mem. at 2.  Two years later, on May 22, 1970, "a general court-martial found [the p]laintiff guilty of assault with a deadly weapon and multiple specifications of disrespect, striking a non-commissioned officer, and making threats," and he was sentenced, in addition to the imposition of other sanctions, to "confinement and a bad conduct discharge" that was designated to become effective on August 27, 1971.  Id. at 2-3.

---

[3] The plaintiff amended his original complaint on September 13, 2010, however, he failed to amend the title of his amended complaint, which was filed with the clerk's office under the title "Complaint."

[4] In addition to the documents already identified, the Court considered the following submissions in reaching its decision: (1) the Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Vacate Entry of Default; Defendant's Opposition to Plaintiff's Motion for Default Judgment; and Defendant's Motion to Dismiss ("Def.'s Mem."), (2) the Plaintiff's Opposition to Defendant's Motion to Dismiss; Plaintiff's Motion for Summary Judgment (Pl.'s Opp'n); (3) the Defendant's Reply Memorandum in Support of Defendant's Motion to Dismiss and in Opposition to Plaintiff's Motion for Summary Judgment (Def.'s Reply); and the Plaintiff's Replay [sic] Memorandum to Defendant's Opposition to Plaintiff's Motion for Summary Judgment.

[5] The Court notes that the plaintiff failed to include a statement of facts, as required by Local Civil Rule 7(h)(1) of the Rules of the United States District Court for the District of Columbia, with his motion for summary judgment.

After completing his term of confinement in March of 1971, the plaintiff "requested and received appellate [review] leave, during which he . . . await[ed] final appellate review and execution of the bad conduct charge." Id. at 2-3 (footnote omitted). Ultimately, the United States Court of Military Appeals denied the plaintiff's "request for review, and he was issued a bad conduct discharge effective August 27, 1971." Id. at 3. Thereafter, "in September [of] 1972, the same court, acting upon a petition for extraordinary relief, reversed [the p]laintiff's court-martial conviction for a jurisdictional defect in the court-martial," id. (citing Lewis v. United States, 45 C.M.R. 937, 937 (C.M.A. 1972)), because it failed "to specify the name of the judge who was requested to try the case" and thus lacked jurisdiction, Lewis, 45 C.M.R. at 937. Furthermore, on March 28, 1974, the "[p]laintiff's bad conduct discharge was administratively changed to a general discharge under honorable conditions by reason of convenience of the government, and" the plaintiff "was assigned a re-enlistment code of RE-4," Def.'s Mem. at 3, which "is the most restrictive re-enlistment code the Department of the Navy issues . . . and . . . require[s] a waiver from the service headquarters" for re-enlistment, id. at 3 n.3. Several years later, "[i]n 1983, [the p]laintiff petitioned the Naval Discharge Review Board . . . to upgrade his general discharge to an honorable discharge," but the Board denied his request after considering his "entire military record." Id. at 3.

In 1984, the plaintiff sought relief from the Board "seeking to remove evidence of his appellate leave, unfavorable re-enlistment code, and certain conduct marks from his record." Id. The plaintiff "also sought reinstatement and retroactive promotion." Id. The Board denied his requests on April 3, 1984. Id. Unsatisfied with the decision, in November of 1987, "[the p]laintiff requested reconsideration from the B[oard]." Id.

"The B[oard] reopened his case and found [that] relief was warranted." Id. Accordingly, the Board "remov[ed] service record entries reflecting the court-martial conviction as well as certain conduct marks." Id. "However, the B[oard] . . . denied [the p]laintiff's reinstatement request and found that he was not entitled to back pay or constructive service credit." Id. Finally, "the B[oard] affirmed the characterization of [his] discharge as 'general under honorable conditions' and found the RE-4 re[-]enlistment code was not erroneous or unjust." Id. at 3-4. The plaintiff was informed of the Board's decision on June 7, 1988. Id. at 4.

On May 18, 1989, the plaintiff filed suit in this court, challenging both his discharge and the Board's actions. Id. at 4. The court granted summary judgment to the Secretary in that matter, "finding that [the p]laintiff's direct challenge [of his discharge] was time-barred and that the B[oard's]" actions were not "arbitrary or capricious, [or] unsupported by substantial evidence, or erroneous in law." Id; Def.'s Reply, Exhibit ("Ex.") 1 (Administrative Record Excerpt, Lewis v. Sec'y of Navy, Memorandum Opinion (D.D.C. June 29, 1990)); Lewis v. Sec'y of Navy, No. 89-1446, 1990 WL 454624 (D.D.C. June 29, 1990)).

Approximately two years later, on April 1, 1992, the plaintiff filed a complaint in the United States Court of Federal Claims seeking judicial review "of the June 7, 1988, B[oard] decision denying his request for reinstatement, retroactive promotion, and back pay." Def.'s Mem. at 4. That court dismissed the plaintiff's complaint "finding that his claims were barred by the statute of limitations applicable to th[e] court." Id.; see Lewis v. United States, 27 Fed. Cl. 104, 107 (1992) (interpreting the six-year statute of limitations to run from the plaintiff's initial discharge in 1971).

4

Years later, on November 7, 2008, the plaintiff again petitioned the Board for reconsideration. Am. Compl. at 2. In addition to other documents, this petition contained "paragraphs from the Marine Corps Separation Manual that [had been] in effect at the time of the plaintiff's discharge," which the plaintiff alleges "establish[ed] that the characterization of his separation from the Marine Corps [wa]s erroneous." Id. at 3.

32 C.F.R. § 723.9 (2006) provides that the Board will review a petition for "further consideration . . . only upon presentation . . . of new and material evidence" and that "all requests for further consideration will be initially screened by the Executive Director of the Board to determine whether" such evidence has been submitted. 32 C.F.R. § 723.9; see also Am. Compl. at 2. If the Executive Director determines that such evidence has been submitted, "the request shall be forwarded to the Board for a decision," however, absent such evidence, "the applicant will be informed that his/her request was not considered by the Board because it did not" meet the requirements of the regulation. Am. Compl. at 2. In a letter dated February 3, 2009, the Director of the Board allegedly informed the plaintiff that "[a]lthough at least some of the evidence . . . submitted [wa]s new, it [wa]s not material," and reconsideration was not appropriate because "even if th[e] information was presented to the Board, the decision would inevitably be the same." [6] Id. at 3. The plaintiff responded in a letter asserting that the February 3, 2009 denial was based on various alleged "error[s]." Id. On March 17, 2009, the Director wrote the plaintiff again, clarifying the basis for the decision and

---

[6] The plaintiff's amended Complaint quotes extensively from a letter, dated February 3, 2009, allegedly sent to him from the Executive Director of the Board; however, the actual letter was not submitted for the Court's review.

5

reiterating that the plaintiff's evidence was not considered new or material, as required for reconsideration of the plaintiff's case, and stating that the plaintiff's application for reconsideration "was properly denied." Id. at 10-11.[7]

On May 20, 2010, the plaintiff instituted this case, id. at 1, claiming that the 2009 Board decision was erroneous because 10 U.S.C. § 1552 (a)(1) requires that the correction of military records "be made by the Secretary acting through boards of civilians," id. at 1-2, and that it was improper for the Executive Director of the Board to be the sole individual to "consider and adjudicate" his request for reconsideration, id. at 11. In response, the defendant contends that the plaintiff failed to properly effect service of process, which deprives this Court of having personal jurisdiction over the defendant, Def.'s Mem. at 10-12, that this Court lacks subject matter jurisdiction because the complaint is barred by the applicable statute of limitations, id. at 12-16, and that the plaintiff has failed to state a claim upon which relief may be granted because the complaint is barred by res judicata and collateral estoppel, id. at 16-23. The defendant argues that the complaint is subject to dismissal on all of these grounds. Because the Court concludes that it lacks subject-matter jurisdiction, the defendant's other arguments for dismissal will not be addressed.

---

[7] The Court notes that on February 2, 2011, after filing this action, the plaintiff filed a second complaint in the United States Court of Federal Claims challenging his 1971 discharge and the Board's 1988 decision denying his request for reinstatement, back pay, and constructive service credit. Def.'s Mem. at 5. That court dismissed the complaint, finding that it was barred by the statute of limitations, res judicata, and collateral estoppel. See Def.'s Mem. at 5; Lewis v. United States, 99 Fed. Cl. 772, 780, 783 (2011). Although the plaintiff was aware of the Board's 2009 decision denying his request for reconsideration at the time he filed his second complaint in the Court of Federal Claims, the plaintiff did not raise the alleged violation of 10 U.S.C. § 1552 in that case. Def.'s Mem. at 22.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) requires the court to determine whether it has subject-matter jurisdiction over a case.  See Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001).  In assuming whether a court has subject-matter jurisdiction, "[t]he plaintiff bears the burden of persuasion . . . by a preponderance of the evidence."  Pitney Bowes, Inc. v. USPS, 27 F. Supp. 2d 15, 19 (D.D.C. 2005); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  In evaluating a motion to dismiss under 12(b)(1), the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [a] plaintiff the benefit of all inferences that can be derived from the facts alleged.'"  Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)).  However, the court is not limited to the allegations in the complaint and "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."  Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (citing Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992)).

When evaluating pro se litigants' complaints, courts are required to "hold [such pleadings] to a less stringent standard."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nonetheless, even pro se plaintiffs must "act diligently" to pursue their claims within the statutorily prescribed limitation period.  Cristwell v. Veneman, 224 F. Supp. 2d 54, 61 (D.D.C. 2002) (Walton, J.) (citing Bowden v. United States, 106 F.3d 433, 438 (D.C. Cir. 1997)).

### III. LEGAL ANALYSIS

Before the Court can address the merits of the plaintiff's claim, it must first determine whether that claim is barred by the controlling statute of limitations. The applicable statute of limitations is 28 U.S.C. § 2401(a) (2006), which governs suits brought by service members seeking to correct their allegedly improper discharge and decisions rendered by administrative review boards. See Walters v. Sec'y of Def., 725 F.2d 107, 111, 113 (D.C. Cir. 1983); Lewis v. Sec'y of Navy, 1990 WL 454624, at *4. It provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). "Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity and, as such, must be strictly construed." Spannaus v. DOJ, 824 F.2d 52, 55 (D.C. Cir. 1987).

"A service member who seeks administrative review of his or her discharge and obtains an adverse decision from the administrative review board may apply for reconsideration of the adverse review board decision . . . ." Nihiser v. White, 211 F. Supp. 2d 125, 128 (D.D.C. 2002).[8] But "if an application [for reconsideration] is not filed within six years of the adverse review board decision, the period for filing suit [in

---

[8] Some courts have held that "[a civil] suit must be filed within six years of the adverse review board decision, regardless of whether, or when, an application for reconsideration is filed," Nihiser, 211 F. Supp. 2d at 128-29, while other courts have held that "the period for filing suit runs from the date of reconsideration, provided that the application for reconsideration is filed within six years of the adverse review board decision," id. at 129. Under either interpretation, the plaintiff's complaint is barred by the statute of limitations because it was filed outside of both time periods. At least one court has held that in a situation where the request for reconsideration is filed more than six years after the original decision, it would nonetheless be timely if the Board on reconsideration considered "new evidence" or "changed circumstances," Green v. White, 319 F.3d 560, 566 (3d Cir. 2003); however, adherence to this rule would not aid the plaintiff in this case as the Director of the Board found that the plaintiff failed to present any new and material evidence, and accordingly, refused to refer this matter to the Board for reconsideration.

federal court] does not run from the date of the decision on reconsideration, instead <u>it runs from the date of the adverse review board decision</u>." Id. at 129 (emphasis added) (relying on <u>Klehr v. A.O. Smith Corp.</u>, 521 U.S. 179 (1997)).  "This rule prevents litigants from using the filing of applications for reconsideration to delay the running of the six year statute of limitations indefinitely, thereby thwarting those practical ends which are to be served by any limitation of the time within which an action must be brought."  <u>Nihiser</u>, 211 F. Supp. 2d at 129 (internal quotation marks and citation omitted).  In <u>Klehr</u>, the Supreme Court declined to interpret the statute of limitations applicable to civil violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, to run from the date of the last "predicate act" of the conspiracy.  It reasoned that such an interpretation would "create[] a limitations period that is longer than Congress could have contemplated" and would "continue indefinitely," interfering with the "basic objective—repose—that underlies limitations periods." 521 U.S. at 187.

      Here, the defendant seeks dismissal of the plaintiff's amended complaint pursuant to Rule 12(b)(1), arguing that it is time-barred.[9]  Def.'s Mem. at 12.  The defendant argues that "a petition for reconsideration filed more than six years from the initial adverse decision does not delay the running of the six year statute of limitations, and the period for filing suit would then run from the date of the initial adverse decision." Id. at 16 (internal quotation marks and citation omitted).  And the defendant notes that the "[p]laintiff was informed of the B[oard]'s decision on June 7, 1988" but failed to request

---

[9] As noted earlier, the defendant also claims that the court "[l]acks [p]ersonal [j]urisdiction [o]ver [t]he [d]efendant [b]ecause [t]he [s]ervice [o]f [p]rocess [w]as [i]nsufficient" and that the "[p]laintiff [h]as [f]ailed [t]o [s]tate [a] [c]laim [u]pon [w]hich [r]elief [c]an [b]e [g]ranted [b]ecause [t]he [c]omplaint [i]s [b]arred [b]y [r]es [j]udicata [a]nd [c]ollateral [e]stoppel."  Def.'s Mem. at 10, 16.

reconsideration from the Board until November 7, 2008, "approximately twenty years later." Id. at 15-16.  Thus, the defendant posits that the "[p]laintiff's complaint is barred by the statute of limitations." Id. at 16.

In opposition, the plaintiff asserts that his current "complaint originate [sic] from the violation of 10 U.S.C. § 1552 in [his] application for correction of his military record submitted on November 7, 2008[, which] . . . occurred on February 3, 2009," and as a result, he opines that he had "until February 3, 2015, to bring suit." Pls.'s Opp'n at 3. The defendant responds that the "[p]laintiff merely reiterates his position that the period for filing his present suit began on February 3, 2009, the first date B[oard] declined to consider his most recent application for reconsideration," and that if the court were to agree with the plaintiff's position, it "would provide [the p]laintiff with 'the power to avoid the jurisdictional bar every time he submitted an application which was considered by the Board.'" Def.'s Opp'n at 4-5 (quoting Nihiser, 211 F. Supp. 2d at 129).  The defendant maintains that "to allow this would make 28 U.S.C. § 2401(a) meaningless." Def.'s Opp'n at 5 (internal quotation marks and citation omitted).  Finally, the defendant contends that "regardless of whether or not the reasoning of Nihiser applies here, the B[oard]'s rejection of the . . . [plaintiff's] 2008 request for reconsideration" would not affect the running of the statute of limitations because the "[the p]laintiff did not submit any new evidence with that request for reconsideration." Id.  The defendant further represents that because no new evidence was presented, "the B[oard] never re-opened [the p]laintiff's case for substantive review, . . . [and] as a result, since the B[oard] never re-opened [the p]laintiff's case since the June 7, 1988 decision, the statute of limitations lapsed in June 1994." Id.

Reiterating some of the history in this case, the plaintiff first sought review of his general discharge from the Naval Discharge Review Board in 1983. Def.'s Mem. at 3. The Naval Discharge Review Board denied his request shortly thereafter. Id. Then, in 1984, the plaintiff "next sought relief from the B[oard]" and that petition was also denied. Id. Next, in November of 1987, the plaintiff yet again requested reconsideration by the Board, and it removed certain information from his record on June 7, 1988. Id. at 3-4. The plaintiff then waited twenty years and six months before again petitioning for reconsideration by the Board on November 7, 2008.[10] See id. at 15-16. Applying the rule that an application for reconsideration must be filed within six years after the adverse review board decision was issued or the "period for filing suit does not run from the date of the decision on reconsideration, [but] instead it runs from the date of the adverse review board decision," Nihiser, 211 F. Supp. 2d at 129, the plaintiff was required to file the matter now before the Court by no later than June 7, 1994, six years after the Board denied "[the p]laintiff's reinstatement request and found that he was not entitled to back pay or constructive service credit, . . . affirmed the characterization of [his] discharge as 'general under honorable conditions,' and found the . . . re[-]enlistment code [applicable to the plaintiff] was not erroneous or unjust," Def.'s Mem. at 3-4. This conclusion is required because the plaintiff did not seek reconsideration of the 1988 denial until more than six years after the adverse review board decision; accordingly, it is inappropriate to calculate the limitations period from the date of the 2009 reconsideration date. See

---

[10] The plaintiff was not required to file his original petition for administrative review within six years of his initial discharge in order to meet statute of limitation requirements, see Carter v. Dept. of Navy, 2006 WL 2471520, at *5 (D.D.C. 2006) (Walton, J.); however, after petitioning for review from the Board in 1988 and receiving an adverse decision in 1989, he had only six years from that date to file a petition for reconsideration in order for his claim to remain timely for purposes of pursuing a civil lawsuit. The plaintiff failed to meet that deadline.

Nihiser, 211 F. Supp. 2d at 129.  Therefore, this case is time-barred.  Interpreting the statute of limitations to run from the date of the plaintiff's last administrative appeal, regardless of when the administrative appeal was filed, would allow the plaintiff to toll the limitations period "indefinitely," which would certainly "create[] a limitations period . . . longer than Congress could have contemplated."  Klehr, 521 U.S. at 187.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that the plaintiff's amended complaint is barred by the controlling statute of limitations.  Accordingly, the defendant's motion to dismiss the plaintiff's amended Complaint is granted, as this Court lacks subject-matter jurisdiction to entertain this matter.[11]

**SO ORDERED**[12]

                                                    REGGIE B. WALTON
                                                    United States District Judge

---

[11] Because the Court finds the plaintiff's claims are barred by the statute of limitations, it is not necessary for the Court to consider the plaintiff's cross-motion for summary judgment.

[12] An order will be issued contemporaneously with this memorandum opinion (1) dismissing the plaintiff's amended Complaint, (2) dismissing the plaintiff's cross-motion for summary judgment due to lack of subject-matter jurisdiction, and (3) closing this case.