UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES M. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 10-842 (RBW) |
| v. | ) | |
| | ) | |
| SECRETARY OF THE NAVY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR A VOLUNTARY REMAND TO THE AGENCY
AND OPPOSITION TO PLAINTIFF'S MOTIONS
FOR JUDICAL NOTICE AND SUBSTANTIVE RELIEF**

Defendant, the Secretary of the Navy, requests that it be permitted to voluntarily remand this matter to the Board for Correction of Naval Records ("the Board"). Upon remand, the Board would reconsider Plaintiff's application for the correction of his naval records in light of the evidence that Plaintiff submitted in 2008. Defendant also opposes Plaintiff's pending motions for judicial notice (ECF Nos. 39, 40), which argue that Plaintiff is entitled to relief.

I.      Background

On November 7, 2008, Plaintiff petitioned the Board to have it reconsider his application to correct his naval records based on new evidence. See Memorandum Opinion, ECF No. 22 at 5. In response, the Board applied its regulation on reconsideration requests, 32 C.F.R. § 723.9, which has the Executive Director screen reconsideration requests for new and material evidence before the requests are forwarded to the Board members for a decision. Id. On February 3, 2009, the Executive Director informed Plaintiff that he had submitted new evidence, but it would not be forwarded to the Board for decision because the evidence was not material. Id. The

Plaintiff contested this denial and, on March 17, 2009, the Executive Director affirmed the decision that Plaintiff had not submitted the material required for reconsideration. Id. at 5-6.

In response, Plaintiff instituted this case and alleged that it was unlawful for the Executive Director to have screened his reconsideration request under 32 C.F.R. § 723.9. Id. at 6. The Court dismissed Plaintiff's Amended Complaint on September 5, 2012, holding that Plaintiff's claim was barred by the statute of limitations. Id. at 22. On November 15, 2013, the D.C. Circuit remanded the case to address the lawfulness of the regulation. See Lewis v. Sec. of the Navy, 13-5178, Order (Nov. 15, 2013).

II.     Defendant's Request for a Voluntary Remand

Defendant requests the Court voluntarily remand this matter to the Board so that the Board can reconsider Plaintiff's application for the correction of his naval records in light of the evidence that Plaintiff submitted in 2008. Defendant anticipates that it will take the Board approximately 120 days to reconsider Plaintiff's case.

Plaintiff did not consent to a remand; however, his Amended Complaint seeks to have the Board reconsider his application for the correction of his naval records and the Board is now willing to grant that request. See, e.g., Amended Complaint, ECF No. 4 at 11 ("Put simply, the Plaintiff wants [the Board] rather than its staff to consider and adjudicate this application concerning corrections of his military records."). The agency should be allowed to grant Plaintiff the relief he seeks, which would eliminate Plaintiff's stake in the outcome of this case and, therefore, render his claim moot. See Munsell v. Dep't of Agric., 509 F.3d 572, 581 (D.C. Cir. 2007) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the

parties lack a legally cognizable interest in the outcome" (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

While a defendant's voluntary cessation of a challenged activity does not generally moot a claim, it does here because there is no reasonable risk that the violation will recur and the Board's reconsideration would eliminate the alleged harm caused by the Board's earlier denial of reconsideration. See National Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997) (holding that a defendant can meet the "heavy burden" of demonstrating its voluntary cessation has mooted a claim if "(1) 'there is no reasonable expectation that the alleged violation will recur,' and (2) 'interim relief or events have completely or irrevocably eradicated the effects of the alleged violation'" (citations omitted)); Qassim v. Bush, 466 F.3d 1073, 1075 (D.C. Cir. 2006) (stating that the rationale for the "voluntary cessation" exception to mootness is to prevent a defendant from again subjecting the plaintiff to the same harm). The substantive events underlying Plaintiff's records dispute occurred in the 1970s and early 1980s. See Memorandum Opinion, ECF No. 22 at 2-4 (providing the factual background). He has been seeking to change his naval records since at least 1983, including two requests for reconsideration. See id. Because of these dated events and the multiple reviews of the underlying records that have already occurred, "there is no reasonable expectation" that Plaintiff will again discover new and material evidence that requires Defendant's application of 32 C.F.R. § 723.9. ABA v. FTC, 636 F.3d 641, 648 (D.C. Cir. 2011) (internal quotations and citation omitted) (discussing exceptions to the mootness doctrine).

Plaintiff also seeks to prevent the Board from applying its regulatory screening process to other potential litigants. See Amended Complaint, ECF No. 4 at 11. Yet, in the absence of his

specific claim for reconsideration, Plaintiff lacks standing to seek this relief.  See City of Houston v. Department of Hous. & Urban Dev., 24 F.3d 1421, 1429-30 (D.C. Cir. 1994) ("[I]f a plaintiff challenges an ongoing agency policy by seeking declaratory relief, but lacks standing to attack future applications of that policy, then the mooting of the plaintiff's specific claim obviously leaves the court unable to award relief.").  "Standing is determined under the familiar test established in Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), which states a plaintiff must: 1)  have suffered an injury in fact; 2) that is fairly traceable to the challenged action of the defendant; and 3) that will likely be redressed by a favorable decision."  Newdow v. Roberts, 603 F.3d 1002, 1009-1010 (D.C. Cir. 2010) (citing Lujan, 504 U.S. at 560-61).  "The alleged injury must be 'distinct and palpable,' not 'conjectural' or 'hypothetical.'"  Branton v. FCC, 993 F.2d 906, 908 (D.C. Cir. 1993) (citations omitted).  Because there is so little chance the screening process will ever again affect Plaintiff, he cannot demonstrate any injury that is likely to be redressed by a favorable court decision.  See Maydak v. United States, 630 F.3d 166, 176 (D.C. Cir. 2010) (distinguishing cases in which, despite the mootness of the plaintiff's specific harm, a challenge to an underlying policy remained valid because the plaintiffs in those cases had "continuing interests" and "the necessary standing going forward").

III.     Defendant's Opposition to Plaintiff's Motions for Judicial Notice and Relief

Plaintiff has filed two motions (ECF Nos. 39-40) asking the Court to take judicial notice of certain facts and requesting substantive relief.  In the first (ECF No. 39), Plaintiff asks the Court to vacate earlier district court judgments to which he was a party.  See ECF No. 39 at 8.  Plaintiff then challenges the lawfulness of the regulation, 32 C.F.R. § 723.9, that the Board applied to deny Plaintiff's reconsideration request.  See ECF No. 39 at 10-12.  Plaintiff's second

such Motion (ECF No. 40) also challenges the lawfulness of the Board's regulation.  See ECF No. 40 at 2-4.  Plaintiff bases these requests for relief on earlier court cases to which he was a party and legal precedent, all of which he asks the Court to take judicial notice of.  See ECF Nos. 39, 40 at 2-4.  The Court should deny the requests for judicial notice and relief in light of Defendant's request for a voluntary remand.

Under Federal Rule of Evidence 201, a court may take judicial notice of "adjudicative facts" if they are "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a) & (b) (2013); see also County of San Miguel v. Kempthorne, 587 F. Supp. 2d 64, 78 (D.D.C. 2008).  Courts can properly take "judicial notice of public records from other court proceedings." Lewis v. DEA, 777 F. Supp. 2d 151, 159 (D.D.C. 2011) (citing Covad Commc'ns. Co. v. Bell Atl. Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005)).

Based on the Amended Complaint (ECF No. 4) and the D.C. Circuit's remand, however, only the lawfulness of the regulation is properly before the Court.  See Lewis v. Sec. of the Navy, 13-5178, Order (Nov. 15, 2013).  Plaintiff has not requested leave to further amend his Complaint to include a request that the Court vacate the earlier judgments to which he was a party (ECF No. 39 at 8). See Azamar v. Stern, 275 F.R.D. 1, 8 n.6 (D.D.C. 2011) ("[A] request for leave to amend in this jurisdiction 'must be submitted in the form of a written motion' and must 'state with particularity the grounds for seeking the order.'") (quoting Jones v. Horne, 634 F.3d 588, 603 n.7 (D.C. Cir. 2011)).  Moreover, the judgments that Plaintiff seeks to vacate

relate to his naval records and, therefore, the requested voluntary remand may address Plaintiff's concerns or otherwise impact the nature of Plaintiff's arguments.

The Court should also deny Plaintiff's other requests for relief. As discussed, above Defendant's request for a voluntary remand grants Plaintiff the reconsideration before the Board that he seeks and Plaintiff does not have standing to challenge future applications of the Board's regulation. See, e.g., In re Navy Chaplaincy, 850 F. Supp. 2d 86, 106 & 108 (D.D.C. 2012) ("[A] court may not rule on the merits of a case in which the claim for relief is moot" and "[a]s the party invoking federal jurisdiction, the plaintiff bears the burden of establishing standing."); A.N.S.W.E.R. Coalition v. Kempthorne, 493 F. Supp. 2d 34, 42 (D.D.C. 2007) ("A federal court has no subject matter jurisdiction where the plaintiff lacks standing, or where the case is not justiciable because it is either moot or not yet ripe.").

IV.     Conclusion

Accordingly, the Court should remand this Case to the Board for reconsideration of Plaintiff's application for the correction of his naval records and deny Plaintiff's pending motions for judicial notice and substantive relief.

Dated: January 23, 2014                     Respectfully submitted,

                                            RONALD C. MACHEN JR., D.C. Bar # 447889
                                            United States Attorney

                                            DANIEL F. VAN HORN, D.C. Bar #924092
                                            Chief, Civil Division

                        By:     /s/ Kevin Laden
                                Kevin Laden, Va. State Bar # 48478
                                Special Assistant United States Attorney
                                555 4th Street, N.W., E-4916
                                Washington, D.C.  20530
                                Tel: (202) 252-2569
                                kevin.laden@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that I caused a copy of Defendant's Motion for a Voluntary Remand to the Agency and Opposition to Plaintiff's Motions for Judicial Notice and Substantive Relief to be served on *pro se* Plaintiff by first class mail addressed to:

James M. Lewis
7913 E 130th Street
Grandview , MO  64030

on January 23, 2014.

*/s/ Kevin Laden*
Kevin Laden, Va. State Bar # 48478
Special Assistant United States Attorney
555 4th Street, N.W., E-4916
Washington, D.C.  20530
Tel: (202) 252-2569
kevin.laden@usdoj.gov
