IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James M. Lewis )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SECRETARY OF THE NAVY )<br>)<br>Defendant. ) | Civil Action No. 10-00842 (RBW) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR A VOLUNTARY REMAND TO THE AGENCY AND OPPOSITION TO PLAINTIFF'S MOTIONS FOR JUDICIAL NOTICE AND SUBSTANTIVE RELIEF**

Comes now, the plaintiff, James M. Lewis and asserts defendant's pleadings are precluded by the "Law-of-the-case doctrine" that refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided by that court or a higher one in earlier phases.

The law-of-the-case in the instant case was decided by the United States Court of Appeals for the District of Columbia Circuit, No. 13-5178, November 15, 2013 ("Upon consideration of the motion for summary affirmance, the response thereto, and the reply, it is **ORDERED**, on the court's own motion, that the case be remanded to the district court to consider the claim actually posed. In the amended complaint, Mr. Lewis challenged the lawfulness of the Navy regulation, 32 C.F.R. § 723.9, not the substance of the reconsideration denial. See, e.g., _Lipsman v. Sec'ry of the Army_, 335 F. Supp. 2d 48 (D.D.C. 2004); _Lassalle v. Greren_, 2007 WL 12338871, *5 (D.D.C. Apr. 27, 2007); _Schmidt v. U.S._, 89 Fed. Cl. 111 (2009); _Schmidt v. U.S._, 10c570, mem. Op. at 2 (D.D.C. Oct. 18, 2012); _Mosley v. dep't of Navy_,



*Bd. For Correction of Naval Records*, 2011 WL 3651142 (N.D.N.Y. Aug. 18, 2011)). Defendant now ask the Court to remand the case to the agency for reconsideration in the absence of a decision on the merits the Appeals Court has instructed this Court to consider "the claim actually posed."

A. The Law-of-the-Case Doctrine

The law-of-the-case doctrine rests on a simple premise: "the same issue presented a second time in the same case in the same court should lead to the same result." *LaShawn A. v. Barry*, 318 U.S. App. D.C. 380, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc). Accordingly, legal decision made at one stage of litigation, unchallenged in a subsequent . . . when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time. *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 258 U.S. App. D.C. 124, 810 F.2d 243, 250 (D.C. Cir. 1987). The law-of-the-case may be revisited only if there is an intervening change in the law or if the previous decision was "clearly erroneous and would work a manifest injustice." *LaShawn A.*, 87 F.3d at 1393 (internal quotation marks omitted). See also 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 801 (1981); id. at 625 (1994 Supp.) ("Arguments that were not advanced on appeal may be lost because they are found wrapped up with a larger issue that was decided" previously). What identifies this as true law-of-the-case preclusion is that the first appeals court has affirmatively decided the issue, be it explicitly or by necessary implication. If this Court weighs defendant's pleadings and decide in their favor, this will only force plaintiff to seek relief from the Appeals Court concerning matters that are *Res judicata*.

In addition, defendant waived any affirmative defenses to their regulation by their refusal to assert them at the administrative, District Court as well as the Appellate Court level. They focused their attention on the frivolous issue of subject matter jurisdiction and laches. Any attempt they make to defend their unconstitutional regulation was forgone when plaintiff filed his complaint in U.S. District Court. See, **_CAMP v. PITTS_**, 411 U.S. 138 (The appropriate standard for review was, accordingly, whether the Comptroller's adjudication was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," as specified in 5 U. S. C. § 706 (2)(A). In applying that standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court).

The plaintiff asserts that it is necessary for the Court to decide whether or not these adjudicative facts in _Lipsman v. Sec'ry of the Army_, 335 F. Supp. 2d 48 (D.D.C. 2004) entitles him to relief. He further asserts that the role of a U.S. Court is to resolve the dispute that has brought the parties before it to determine what happened to whom, when and how it happened, and what the result is or will be, is part of the adjudicative process by which the court reaches their resolution. Therefore, defendant's failure to defend their unconstitutional regulation when the opportunity to do so existed, became the law of the case for future stages of the same litigation, and they are deemed to have waived the right to defend their decision at a later time. See, _Williamsburg Wax Museum, Inc. v. Historic Figures, Inc._, 258 U.S. App. D.C. 124, 810 F.2d 243, 250 (D.C. Cir. 1987). _Supra._

The plaintiff's motion for summary judgment should be granted and this matter remanded to the Board for Correction of Naval Records with instructions to remove 32 C.F.R. § 723.9 and Navy Regulation SECNAVINST 5420.193.9, which set forth BCNR's procedures for reviewing

reconsideration requests since it violates 10 U.S.C. § 1552(a)(1) which authorizes the Secretary of the Navy to modify the military record of any current or former member of the Navy or Marine Corps when such action is "necessary to correct an error or remove an injustice." The statute provides that "such corrections shall be made by the Secretary acting through boards of civilians." Toward that end, the Secretary established the BCNR to consider and act on corrections requests; the provisions of 32 C.F.R. § 723.9 subverts the judgment of Congress and it must be abolished.

    For the forgoing reasons, and within the concept of judicial economy, this Court should grant plaintiff's pleadings since it will be the efficient management of this litigation so as to minimize duplication of effort. It also avoids wasting the judiciary's time and resources. The offer defendant make to resolve the administrative review within 120 days after this Court's remand fail to meet the timeliness of 10 U.S.C. § 1557. 10 U.S.C. § 1557 (a) provides timeliness guidelines for the disposition of applications before military corrections boards within a ten-month period. Plaintiff submitted his DD Form 149 application on November 7, 2008; some 5 years, 2 months, 24 days ago and it has been the result of defendant's intentional frivolous averments that has caused such delay. Plaintiff asserts that pursuant to 10 U.S.C. § 1557 (a) there should be no more than 30 days allowed since judicial notice by this Court of the final court-martial review establishes the law-of-the-case and entitles him to remedies concerned and the extent of relief to which his substantive rights has been infringed by the defendant. See 10 U.S.C. § 876. For these reasons, defendant's motion is moot and should be denied.

    Respectfully submitted,

    James M. Lewis, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| James M. Lewis | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-00842 (RBW) |
| | ) | |
| SECRETARY OF THE NAVY | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF SERVICE

I, James M. Lewis, hereby declare that on the 31th, day of December, 2013, I mailed a copy of the Plaintiff's Motion PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR A VOLUNTARY REMAND TO THE AGENCY AND OPPOSITION TO PLAINTIFF'S MOTIONS FOR JUDICIAL NOTICE AND SUBSTANTIVE RELIEF, to Mr. Kevin Laden, Special Assistant, United States Attorney, 555 4th Street, N.W., E-4916, Washington, D.C. 20530. By Certified Mail #7012 2920 0000 9220 8158

Respectfully submitted,

James M. Lewis, Pro Se