**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ )<br>JAMES M. LEWIS, )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>SECRETARY OF THE NAVY, )<br> )<br> Defendant. )<br>_____) | Civil No. 10-0842 (RBW) |

## <u>ORDER</u>

On January 24, 2014, this Court received a mandate from the United States Court of

Appeals for the District of Columbia Circuit remanding this case to the Court to consider the

plaintiff's challenge to 32 C.F.R. § 723.9 (2006), a claim that was not considered in the Court's

prior opinion in this case.  ECF No. 42.  In response to the Circuit's order, the plaintiff filed a

motion for costs stemming from the appeal and a motion for summary judgment and other relief.

On the other hand, the defendant has filed a motion to remand the matter to the Board for

Correction of Naval Records.  For the reasons set forth below, the Court will deny the plaintiff's

motion for costs and the defendant's motion for remand, and hold the plaintiff's motion for

summary judgment in abeyance pending further briefing.[1]

---

[1] The Court considered the following submissions in reaching its decision: (1) the Plaintiff's Motion for Costs
Pursuant to Federal Rules of Appellate Procedure (FRAP) Rule 39(3)(B)(E)(4) ("Pl.'s Mot. for Costs"), ECF No.
35; (2) the defendant's Opposition to Plaintiff's Motion for Costs ("Def.'s Opp'n to Costs"), ECF No. 37; (3) the
Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Costs/In the Alternative, Request Judicial
Notice of Adjudicative Facts as it Relates to Lipsman v. Secretary of the Army ("Pl.'s Reply for Costs"), ECF No.
40; (4) the Plaintiff's Motion Pursuant to Federal Rules of Evidence, Rule 201, Judicial Notice of Adjudicative
Facts/And Supplementary to Motion for Summary Judgment ("Pl.'s Mot. for Summ. J."), ECF No. 39; (5) the
defendant's Motion for a Voluntary Remand to the Agency and Opposition to Plaintiff's Motions for Judicial Notice
and Substantive Relief ("Def.'s Mot."), ECF No. 41; (6) the Plaintiff's Response to Defendant's Motion for a
Voluntary Remand to the Agency and Opposition to Plaintiff's Motions for Judicial Notice and Substantive Relief
(continued . . .)

**BACKGROUND**

In 1970, the plaintiff, then enlisted in the United States Marine Corps, was found guilty by a general court-martial of assault with a deadly weapon and multiple specifications of disrespect, striking a non-commissioned officer, and making threats.  Lewis v. Sec'y of Navy, 892 F. Supp. 2d 1, 2 (D.D.C. 2012).  Since then, the plaintiff has filed numerous challenges related to that conviction and his Marine Corps records.  Id. at 2–4.  On November 7, 2008, the plaintiff filed a petition with the Board for Correction of Naval Records ("Board") seeking reconsideration of the Board's prior decision concerning his military records.  Complaint ("Am. Compl.") at 2, ECF No. 4.[2]  In a letter dated February 3, 2009, the Executive Director of the Board informed the plaintiff of his decision that "reconsideration [was] not appropriate" because "[a]lthough, at least some of the evidence that [the plaintiff] [had] submitted [was] new, it [was] not material" and so "even if this information was presented to the Board, the decision would inevitably be the same."  Id. at 3.  The plaintiff responded, arguing in part that the Executive Director's evaluation of his request for reconsideration was improper in light of Lipsman v. Sec'y of the Army, 335 F. Supp. 2d 48 (D.D.C. 2004), which invalidated an Army regulation providing for review of reconsideration petitions by the Board's staff rather than the Board itself as inconsistent with the language of 10 U.S.C. § 1552 (2006).  Id.  The Executive Director subsequently confirmed that the plaintiff's case would not be reconsidered, stating in relevant part that "this Board's regulations are different than those of the Army and no court has found that the Board's processing of reconsideration requests is improper."  Id. at 10–11.

---

(. . . continued)
("Pl.'s Opp'n to Remand"), ECF No. 43; (7) the defendant's Reply in Support of Defendant's Motion for a Voluntary Remand ("Def.'s Reply"), ECF No. 45; and (8) the Plaintiff's Proposed Order ("Pl.'s Order"), ECF No. 47.

[2] Citations to the plaintiff's complaint are to his amended complaint, ECF No. 4, which is titled "Complaint" despite being his amended complaint.

The plaintiff, proceeding pro se, commenced this litigation, alleging that the defendant's actions violated 10 U.S.C. § 1552, the Fifth Amendment to the United States Constitution, and the Administrative Procedure Act, 5 U.S.C. § 706 (2006).  Id. at 11.  He asked the Court to:

> (1) declare that the defendant'[s] actions in refusing to present the request for reconsideration to [the Board] was unlawful; (2) enjoin the defendant to ensure that in the future, [the Board's] regulations do not permit staff members to determine the materiality, substantiality and relevance of evidence newly submitted in support of requests for reconsideration; [and] (3) enjoin the defendant to consider and, within [ninety] days of this decision, rule on the Plaintiff's request for reconsideration with any evidence newly submitted since the previous [Board] ruling.

Id. at 11.  The Court subsequently dismissed the plaintiff's complaint for lack of subject matter jurisdiction on the grounds that the claims were barred by the statute of limitations.  Lewis, 892 F. Supp. 2d at 7.  As noted above, the Circuit ordered "that the case be remanded to [this] [C]ourt to consider . . . the lawfulness of the Navy regulation, 32 C.F.R. § 723.9, not the substance of the reconsideration denial."  ECF No. 42.  The plaintiff now moves for the costs of his appeal, Pl.'s Mot. for Costs at 1, and for summary judgment on his original claim, Pl.'s Mot. for Summ. J. at 12.  The defendant opposes both motions and asks this Court to remand the matter to the Board for consideration of the plaintiff's petition.  Def.'s Opp'n to Costs at 1; Def.'s Mot. at 1.

## ANALYSIS

### I.    Motion for Costs

The plaintiff requests that this Court award him the cost of filing his notice of appeal pursuant to Federal Rule of Appellate Procedure 39 based on "the judgment of reversal" by the Circuit.  Pl.'s Mot. for Costs at 1.  Rule 39(a) provides that "if a judgment is reversed, costs are taxed against the appellee," Fed. R. App. P. 39(a)(3), but pursuant to Rule 39(b), "[c]osts for or against the United States, its agency, or officer will be assessed under Rule 39(a) only if authorized by law," id. 39(b).

Under 28 U.S.C. § 2412, "a judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity."  28 U.S.C. § 2412(a)(1) (2012).  This section permits recovery of costs by a litigant "who takes an adverse litigating position against the government in the context of a civil action and obtains the functional equivalent of a final judgment against the government that entitles him to some relief."  In re Turner, 14 F.3d 637, 641 (D.C. Cir. 1994).  Under the Equal Access to Justice Act, a litigant is considered a "prevailing party" if he has "'succeeded on any significant issue in litigation which achieve[d] some of the benefit [he] sought in bringing suit.'"  Waterman S.S. Corp. v. Mar. Subsidy Bd., 901 F.2d 1119, 1121 (D.C. Cir. 1990) (alteration in original) (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (1989)).  "Generally a plaintiff that has obtained a remand for further proceedings is not at that point a 'prevailing party,'" although he may later receive the costs he incurred in obtaining the remand if he succeeds on the merits of his claims. Envtl. Def. Fund, Inc. v. Reilly, 1 F.3d 1254, 1257 (D.C. Cir. 1993).

As the defendant points out, see Def.'s Opp'n to Costs at 1–2, the plaintiff here obtained a remand to this Court for consideration of his challenge to the lawfulness of 32 C.F.R. § 723.9, see ECF No. 42, but has yet to achieve any of the relief sought in his complaint.  The Circuit's remand merely returned the plaintiff to the same position he occupied when he filed his complaint.  Cf. Hanrahan v. Hampton, 446 U.S. 754, 758–59 (1980) (holding that litigants who succeeded in obtaining new trial were not "prevailing parties" because "[a]s a practical matter they are in a position no different from that they would have occupied if they had simply defeated the defendants' motion for a directed verdict in the trial court").  Indeed, upon consideration of the parties' briefs, the Court may ultimately find in favor of the defendant if

such a result is warranted under the relevant law.  The plaintiff's citation to <u>Ninilchik Traditional Council v. United States</u>, 227 F.3d 1186 (9th Cir. 2000), is to no avail here.  As noted above, the Court is authorized to award costs in this Circuit only to litigants who "obtain[] the functional equivalent of a final judgment against the government that entitles [them] to some relief."  <u>In re Turner</u>, 14 F.3d at 641.  This Court is bound to apply the standard for awarding costs established by this Circuit, not the standard adopted by the Ninth Circuit in <u>Ninilchik</u>, and thus, the plaintiff is plainly not entitled to costs at this time.  Accordingly, the plaintiff is not a "prevailing party" at this time, and therefore his motion for costs must be denied.  The Court must therefore deny the motion without prejudice; the plaintiff may again move for an award of costs if he is ultimately successful on the merits of his claim before this Court.

## II.       Motion for Voluntary Remand

The defendant requests that he "be permitted to voluntarily remand this matter" to the Board so that it may "reconsider Plaintiff's application for the correction of his naval records in light of evidence that Plaintiff submitted in 2008."  Def.'s Mot. at 1.  The defendant argues that the Navy should be permitted to "grant Plaintiff the relief he seeks, which would eliminate [his] stake in the outcome of this case and, therefore, render his claim moot," Def.'s Mot. at 2, because the plaintiff is unlikely to ever be subject to the application of 32 C.F.R. § 723.9 again and "in the absence of his specific claim for reconsideration, Plaintiff lacks standing to seek this relief," <u>id.</u> at 3–4.  The plaintiff opposes the defendant's request.  <u>See</u> Pl.'s Opp'n to Remand at 3; Def.'s Mot. at 2.

It is well-established that "administrative agencies have inherent power to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider."  <u>Sierra Club v. Van Antwerp</u>, 560 F. Supp. 2d 21, 23 (D.D.C. 2008) (citation and

quotation marks omitted).  Voluntary remand is usually warranted "(i) when new evidence becomes available after an agency's original decision was rendered, or (ii) where intervening events outside of the agency's control may affect the validity of an agency's actions." Carpenters Indus. Council v. Salazar, 734 F. Supp. 2d 126, 132 (D.D.C. 2010) (internal citations and quotation marks omitted).  And "[e]ven in the absence of intervening events, upon an agency's remand request, the reviewing court still has discretion over whether to remand." Sierra Club, 560 F. Supp. 2d at 23 (citation omitted).  Remand in such circumstances is generally appropriate "as long as the agency's concern is substantial and legitimate."  Id. (citing SKF USA Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001)).

An agency's request for remand may be denied, however, if the request is "frivolous or in bad faith."  SKF USA, 254 F.3d at 1029; Cal. Cmtys. Against Toxics v. EPA, 688 F.3d 989, 992 (9th Cir. 2012); Citizens Against the Pellissippi Parkway Extension, Inc. v. Mineta, 375 F.3d 412, 417–18 (6th Cir. 2004).  For example, in Lutheran Church-Mo. Synod v. FCC, 141 F.3d 344 (D.C. Cir. 1998), this Circuit denied the Federal Communications Commission's ("FCC") "last second" motion to remand in which the agency proposed vacating the order under consideration and implementing a "policy statement" directed only towards future actions.  141 F.3d at 349.  Reasoning that "the Commission has not confessed error" and that its proposed policy statement was non-binding, the Circuit denied the request for remand, observing that the FCC "has on occasion employed some rather unusual legal tactics when it wished to avoid judicial review, but this ploy may well take the prize."  Id.

Consistent with the above principles, this Court finds that the defendant's request for remand is made in bad faith and that remand is therefore inappropriate.  The defendant seeks a remand of this matter solely "so that the Board can reconsider Plaintiff's application for the

correction of his naval records in light of the evidence that [he] submitted in 2008," which will, as the defendant points out, then deprive the plaintiff of standing to challenge the lawfulness of the Navy regulation.  Def.'s Mot. at 2–4.  The defendant does not seek remand because the Navy recognizes the merits of the plaintiff's position or has "substantial and legitimate" concern with the procedural or substantive soundness of its prior action, see Sierra Club, 560 F. Supp. 2d at 23 (citation omitted); rather, the defendant's request appears to be motivated solely by a desire to avoid judicial review of the challenged regulation.  Remand is not warranted under such circumstances, Lutheran Church-Mo. Synod, 141 F.3d at 349 (denying voluntary remand where the agency "has not confessed error" and agency would not be bound by a forward-looking policy statement); see Cal. Cmtys. Against Toxics, 688 F.3d at 992 (finding that remand request was not made in bad faith "[b]ecause the [agency] has recognized the merits of the petitioners' challenges and has been forthcoming in these proceedings"); cf. Nat'l Parks Conservation Ass'n v. Salazar, 660 F. Supp. 2d 3, 5 (D.D.C. 2009) (denying motion to remand because "granting the Federal defendants' motion would wrongfully permit [them] to bypass established statutory procedures for repealing an agency rule"), and therefore, the defendant's motion will be denied.

### III.    Motion for Summary Judgment

Following the Circuit's order remanding this matter to the Court, the plaintiff moved for summary judgment and "judicial notice" of several matters which "will not resolve the issue before the Court currently, but is necessary as it relates to the issues to be determined once this case is remanded to defendant."  Pl.'s Mot. for Summ. J. at 1–3, 10–12.  The defendant argues that the motion should be denied in light of his request for remand and because the plaintiff's request for judicial notice concerns matters raised for the first time.  See Def.'s Mot. at 4–6.  Having concluded that remand is inappropriate, the Court finds it prudent to hold the plaintiff's

motion for summary judgment in abeyance in order to obtain further briefing from the parties so that the Court's consideration of the issue will be fully informed.

Because the plaintiff is proceeding pro se, the Court will provide him with an opportunity to supplement his motion for summary judgment.  The plaintiff is directed to focus his briefing on his arguments regarding the lawfulness of 32 C.F.R. § 723.9, the only remaining issue before the Court at this time.  See ECF No. 42 (directing this Court to consider the plaintiff's challenge to the lawfulness of 32 C.F.R. § 723.9, "not the substance of the reconsideration denial"); Pl.'s Mot. for Summ. J. at 10 (acknowledging that "the only federal question before this Court is whether defendant's governing regulation[] that confers adjudicatory power on staff members who work for, but are not members of [the Board], to evaluate reconsideration requests . . . is constitutional").  Because the Court's consideration is limited to the lawfulness of the challenged regulation and does not concern the substance of the defendant's denial of his reconsideration petition, the plaintiff's request for "judicial notice" relating to matters other than the lawfulness of 32 C.F.R. § 723.9 is denied.  The plaintiff is advised that any arguments on the substance of the Board's prior decision or his anticipated arguments before the Board on remand will be disregarded.  To the extent that the plaintiff is attempting to add additional claims to his complaint for the Court's consideration, he must file a separate motion to amend his complaint so that his intent to do so will be clear to the defendant and the Court.

## **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's motion for costs, ECF No. 35, is **DENIED WITHOUT PREJUDICE**.  It is further

**ORDERED** that the defendant's motion for a voluntary remand to the Board, ECF No. 41, is **DENIED**.  It is further

**ORDERED** that the plaintiff's motion for summary judgment, ECF No. 39, is held in abeyance pending further briefing.  The plaintiff shall file any supplement to his motion for summary judgment on or before Friday, October 3, 2014, the defendant shall file his opposition to the plaintiff's motion for summary judgment on or before Monday, November 3, 2014, and the plaintiff shall file a reply in support of his motion for summary judgment on or before Thursday, December 4, 2014.

**SO ORDERED** this 2nd day of September, 2014.

REGGIE B. WALTON
United States District Judge