UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JAMES M. LEWIS,                     )
                                    )
           Plaintiff,               )
                                    )
      v.                            )     Civil No. 10-0842 (RBW)
                                    )
SECRETARY OF THE NAVY,              )
                                    )
           Defendant.               )
_____ )

**MEMORANDUM OPINION**

James M. Lewis, the pro se plaintiff in this civil case, seeks injunctive and declaratory relief under the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 701–706 (2012), challenging regulations governing requests for reconsideration of decisions issued by the Department of the Navy's Board for Correction of Naval Records (the "Board") regarding military personnel records, Complaint ("Am. Compl.") at 1.[1]  Specifically, the plaintiff alleges that the regulations implemented by the Secretary of the Navy (the "Secretary")[2] contravene 10 U.S.C. § 1552 (2012) by "confer[ring] adjudicatory power on staff members who work for, but are not members of [the Board]" and allowing them "to evaluate reconsideration requests submitted by veterans and active members of the Navy and Marine Corps."  Am. Compl. at 1. Before the Court are the plaintiff's motion for summary judgment, the Plaintiff's Motion Pursuant to Federal Rules of Evidence, Rule 201, Judicial Notice of Adjudicative Facts/And

---

[1] The plaintiff amended his original complaint on September 13, 2010, but failed to amend the title of this filing. See Am. Compl. at 1.

[2] The Court notes that the plaintiff lists the Secretary of the Navy, the Board, and W. Dean Pheiffer, Executive Director of the Board, as defendants in the body of the Amended Complaint, but only the Secretary of the Navy has been named in the caption as a defendant. See Am. Compl. at 1.

1

Supplementary to Motion for Summary Judgment ("Pl.'s Mot. for Summ. J."), and the defendant's motion to dismiss this case on grounds of mootness pursuant to Federal Rule of Civil Procedure 12(b)(1),[3] Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Mootness ("Def.'s Mot.") at 1. For the reasons that follow, the Court concludes that it must deny the defendant's motion to dismiss and grant the plaintiff's motion for summary judgment.[4]

## I. BACKGROUND

### A. Statutory and Regulatory Framework

Under 10 U.S.C. § 1552(a)(1), "[t]he Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." In most circumstances, "such corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department." Id.[5] Based on this statutory authority, the Secretary of the Navy established the Board to oversee the "correction of naval and marine records" and implemented regulations codified in 32 C.F.R. Part 723 to govern correction proceedings. See 32 C.F.R. §§ 723.1–723.2.

---

[3] The defendant "moves to dismiss this case under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure because the claim raised in the Complaint has become moot." Def.'s Mot. at 1 (emphasis added). However, as the Court has previously explained, "[m]otions to dismiss on grounds of mootness are properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure," Flores ex rel. J.F. v. District of Columbia, 437 F. Supp. 2d 22, 27 (D.D.C. 2006) (Walton, J.), and the Court will therefore consider the merits of the defendant's motion under that Rule.

[4] In addition to the documents previously referenced, the Court considered the following submissions: (1) the Plaintiff's Supplement[] to Motion for Summary Judgment ("Pl.'s Suppl."); and (2) the Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Mootness ("Pl.'s Reply").

[5] "The Secretary concerned is not required to act through a board in the case of the correction of a military record announcing a decision that a person is not eligible to enlist (or reenlist) or is not accepted for enlistment (or reenlistment) or announcing the promotion and appointment of an enlisted member to an initial or higher grade or the decision not to promote an enlisted member to a higher grade." 10 U.S.C. § 1552(a)(2). This exception is not germane to the circumstances in this case because the plaintiff did not seek any of these forms of relief.

If an application for correction is denied by the Board, the regulations offer the following opportunity for reconsideration:

> [F]urther consideration will be granted only upon presentation by the applicant of new and material evidence or other matter not previously considered by the Board. New evidence is defined as evidence not previously considered by the Board and not reasonably available to the applicant at the time of the previous application. Evidence is material if it is likely to have a substantial effect on the outcome. All requests for further consideration will be initially screened by the Executive Director of the Board to determine whether new and material evidence or other matter (including, but not limited to, any factual allegations or arguments why the relief should be granted) has been submitted by the applicant. If such evidence or other matter has been submitted, the request shall be forwarded to the Board for a decision. If no such evidence or other matter has been submitted, the applicant will be informed that his/her request was not considered by the Board because it did not contain new and material evidence or other matter.

32 C.F.R. § 723.9.

### B. Factual and Procedural History

In 1970, the plaintiff, then an enlisted member of the United States Marine Corps, was found guilty by a general court-martial "of assault with a deadly weapon and multiple specifications of disrespect, striking a non-commissioned officer, and making threats." Lewis v. Sec'y of the Navy, 892 F. Supp. 2d 1, 2 (D.D.C. 2012) (Walton, J.).[6] "After completing his term of confinement in March of 1971," the United States Court of Military Appeals "reversed [the p]laintiff's . . . conviction" based on "a jurisdictional defect in the court-martial," which prompted the Navy to change the plaintiff's bad conduct discharge "to a general discharge under honorable conditions by reason of convenience of the government." Id. at 2–3 (citations omitted). Subsequently, the plaintiff petitioned the Board for the removal of derogatory information from his military record, as well as reinstatement and retroactive promotion. Id. at 3. The Board initially denied his petition, but upon request by the plaintiff for reconsideration,

---

[6] In the forty-two years since the action taken by the Marine Corps, the plaintiff has made at least ten challenges related to that conviction and his Marine Corps record. See Lewis, 892 F. Supp. 2d. at 2–4.

determined in 1988 that changes to the plaintiff's service records were warranted. Id. However, the Board's 1988 decision upheld its prior determinations to deny reinstatement and retroactive promotion, and affirmed the characterization of his discharge. Id.

On November 7, 2008, the plaintiff filed another petition with the Board, again seeking reconsideration of the Board's prior decision concerning his military records. See Am. Compl. at 2. In a letter dated February 3, 2009, the Executive Director of the Board informed the plaintiff of his decision that "reconsideration [was] not appropriate" because "[a]lthough, at least some of the evidence that [the plaintiff] [had] submitted [was] new, it [was] not material" and therefore "even if this information [had been] presented to the Board, the decision would inevitably [have been] the same." Id. at 3. The plaintiff responded to the letter, arguing, in part, that the Executive Director's evaluation of his request for reconsideration was improper in light of Lipsman v. Secretary of the Army, 335 F. Supp. 2d 48 (D.D.C. 2004), which invalidated a similar Army regulation permitting review of reconsideration petitions by the Board's staff, rather than the Board itself, as inconsistent with the language of 10 U.S.C. § 1552. Id. at 53–54.[7] The Executive Director subsequently confirmed that the plaintiff's case would not be reconsidered, stating, in relevant part, that "this Board's regulations are different than those of the Army and no court has found that the Board's processing of reconsideration requests is improper." Id. at 10–11. The plaintiff filed the current case in 2010, challenging the Executive Director's decision denying reconsideration. See id. at 11; [Original] Complaint at 1.

Following the opportunity for complete briefing of the issue, the Court granted the defendant's motion to dismiss, finding that the plaintiff's claim was time-barred by 28 U.S.C. § 2401(a) (2006), the statute of limitations that governs challenges to military records, and

---

[7] Lipsman will be discussed in further detail, infra.

4

therefore, the Court lacked subject matter jurisdiction over the plaintiff's claim. Lewis, 892 F. Supp. 2d at 5, 7. In reaching this conclusion, the Court adopted the reasoning of Nihiser v. White, 211 F. Supp. 2d 125 (D.D.C. 2002), which held that the six-year limitations period under § 2401(a) begins running on the date of the adverse review board decision and bars review if the plaintiff does not file an application seeking reconsideration within six years of the adverse decision. Lewis, 892 F. Supp. 2d at 5–7 (citing Nihiser, 211 F. Supp. 2d at 129). Applying the ruling in Nihiser, the Court found that the limitations period began when the plaintiff received an adverse board decision in 1988, and that his claim was therefore time-barred. Id. at 7. On April 15, 2013, the Court denied the plaintiff's motion for reconsideration of that decision, reiterating its conclusions that the plaintiff's claims were time-barred. Order at 3–5 (Apr. 15, 2013), ECF No. 30. The plaintiff then appealed the Court's decision to the District of Columbia Circuit. Notice of Appeal at 1, ECF No. 31.

On January 23, 2014, the Circuit remanded the case to this Court with instructions "to consider the claim actually posed." Mandate at 1, ECF No. 42. Specifically, the Circuit remanded the case based on its finding that the plaintiff actually "challenged the lawfulness of the Navy regulation 32 C.F.R. § 723.9, not the substance of the reconsideration denial." Id. In response to the Circuit's remand, the plaintiff filed his motion for summary judgment, see Pl.'s Mot. for Summ. J. at 1, and the defendant filed a motion for remand to the Board, see Motion for a Voluntary Remand to the Agency and Opposition to Plaintiff's Motion for Judicial Notice and Substantive Relief at 1. On September 2, 2014, the Court denied the defendant's motion for remand and held in abeyance the plaintiff's motion for summary judgment pending further briefing by the parties. Order at 1 (Sept. 2, 2014), ECF No. 48.

Two weeks after the Court's September 2, 2014 Order, the Assistant Secretary of the Navy for Manpower and Reserve Affairs ("Assistant Secretary") issued a Memorandum for the Executive Director, Board for Correction of Naval Records ("Executive Director"), stating that "[e]ffective immediately, the policies and procedures used to process 'reconsideration' cases . . . will be changed to comply with the decision of the U.S. District Court for the District of Columbia in Lipsman v. Secretary of the Army, 335 F. Supp. 2d 48 (D.D.C. 2004)." Def.'s Mot., Exhibit ("Ex.") 2 (Memorandum for the Executive Director, Board for Correction of Naval Records) at 1. This change is accomplished in the following manner: if a petition for reconsideration is received within one year of the most recent Board decision, the Executive Director will review the request to determine if it contains any new evidence. Def.'s Mot. at 4; Def.'s Mot., Ex. 1 (Declaration of Mr. Robert O'Neill ("O'Neill Decl.")) ¶ 7. If the petition does contain new evidence, it will be referred to the Board to determine whether the new evidence demonstrates a material error or injustice. Def.'s Mot. at 4; Def.'s Mot., Ex. 1 (O'Neill Decl.) ¶ 7. However, if the petition for reconsideration is received a year or more after the most recent Board decision, the case will be administratively closed, and the petitioner's next remedy would be to appeal to a court of appropriate jurisdiction. Def.'s Mot. at 4; Def.'s Mot. Ex. 1 (O'Neill Decl.) ¶ 7. This process is substantially similar to the regulation that the Army adopted in order to comply with the Lipsman decision. Def.'s Mot. Ex. 1 (O'Neill Decl.) ¶ 5; see also 32 C.F.R. § 581.3(g)(4) (2016) (Department of the Army's current regulation governing requests for reconsideration). The defendant notes that "though 32 C.F.R. § 723.9 has not yet been formally updated, . . . the Board has begun processing reconsideration requests in accordance with Lipsman." Def.'s Mot. at 3; see also Def.'s Mot., Ex. 1 (O'Neill Decl.) ¶¶ 6–7.

## II. STANDARDS OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "presents a threshold challenge to the [C]ourt's jurisdiction." Morrow v. United States, 723 F. Supp. 2d 71, 75 (D.D.C. 2010) (Walton, J.) (quoting Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987)). While the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged,'" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)), the plaintiff nonetheless bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction, Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). Accordingly, "the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion." Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001). Moreover, "the court need not limit itself to the allegations of the complaint." Id. at 14. Instead, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction [in] the case." Scolaro v. D.C. Bd. of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000).

### B. Summary Judgment Under the Administrative Procedure Act

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In the APA context, summary judgment is the mechanism for deciding whether as a matter of law an agency action is supported by the administrative record and is otherwise consistent with the APA standard of review. See, e.g., Citizens to Preserve

Overton Park, Inc. v. Volpe, 401 U.S. 402, 415 (1971). The APA "sets forth the full extent of judicial authority to review executive agency action for procedural correctness." FCC v. Fox Television Stations, Inc., 556 U.S. 502, 513 (2009). It requires courts to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). However, "the scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). Nonetheless, "the agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" Id. (quoting Burlington Truck Lines v. United States, 371 U.S. 156, 168 (1962)). "Courts 'will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" Pub. Citizen, Inc. v. FAA, 988 F.2d 186, 197 (D.C. Cir. 993) (quoting Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc., 419 U.S. 281, 286 (1974)).

Where agency action turns on questions of statutory interpretation, courts must utilize the two-step process established in Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842 (1984). First, courts determine "whether Congress has directly spoken to the precise question at issue." Id. at 842–43. In resolving this question, courts must exhaust the "traditional tools of statutory construction," including textual analysis, structural analysis, and—when appropriate—legislative history. Id. at 843 n.9. "If the intent of Congress is clear, that is the end of the matter; for . . . court[s], as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id. at 842–43. However, if courts conclude that the statute is silent or ambiguous on the specific issue after employing these tools, they move to step two and

8

defer to the agency's interpretation, so long as it is based on a permissible construction of the statute. See id. at 843. Indeed, "the whole point of Chevron is to leave the discretion provided by the ambiguities of a statute with the implementing agency." Ass'n of Private Sector Colls. & Univs. v. Duncan, 681 F.3d 427, 441 (D.C. Cir. 2012) (quoting Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs., 545 U.S. 967, 981 (2005)).

### III. ANALYSIS

**A. The Defendant's Motion to Dismiss Based on Mootness**

Courts will dismiss a claim as moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)). "Even where litigation poses a live controversy when filed, the doctrine requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." Am. Bar Ass'n v. FTC, 636 F.3d 641, 645 (D.C. Cir. 2011) (quoting Clark v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990)). Nevertheless, "[a] case is not moot if a court can provide an effective remedy." In re Navy Chaplaincy, 850 F. Supp. 2d 86 (D.D.C. 2012); see also United States v. Chrysler Corp., 158 F.3d 1350, 1353 (D.C. Cir. 1998) (noting that "'even the availability of a partial remedy' is 'sufficient to prevent a case from being moot'") (quoting Church of Scientology v. United States, 506 U.S. 9, 13 (1992)).

The defendant moves to dismiss this case because "[the p]laintiff challenged the legality of 32 C.F.R. § 723.9; however, the [d]efendant has eliminated the role of the Executive Director in reviewing new evidence for materiality bringing the review process in compliance with the decision in Lipsman." Def.'s Mot. 5. Thus, the defendant contends that the plaintiff has

9

"obtained all the relief that [he] has sought," and the case is therefore moot. Id. at 3 (quoting Conservation Force, Inc. v. Jewell, 733 F.3d 1200, 1204 (D.C. Cir. 2013)). The plaintiff responds that because the defendant's informal administrative policy change is not "accompanied [by] any publication of the changed policy," the new policy does not moot his claim. Pl.'s Reply 2 (italics omitted); id. at 3 (arguing that if the policy "is in fact a new rule, then it must be promulgated in accordance with the rulemaking procedures demanded by section 4 of the Administrative Procedure Act, including its notice and comment requirements") (citing 5 U.S.C. § 553 (b)–(c) (1976)). The plaintiff has the better argument.

The APA establishes the procedures a federal administrative agency must employ for "rule making," which includes "formulating, amending, or repealing a rule." 5 U.S.C. § 551(5). The term "Rule" is defined as "statement[s] of general or particular applicability and future effect" that are "designed to implement, interpret, or prescribe law or policy." 5 U.S.C. § 551(4). As this Circuit has explained,

> Rulemaking must be accompanied by (1) advance publication in the Federal Register of the proposed rule or its substance; (2) opportunity for public participation through submission of written comments, with or without oral presentation; and (3) publication of the final rule, incorporating a concise statement of its basis and purpose, thirty days before its effective date.

Batterton v. Marshall, 648 F.2d 694, 700 (D.C. Cir. 1980) (interpreting 5 U.S.C. § 553) (footnote omitted). "Rules issued through the notice-and-comment process are often referred to as 'legislative rules' because they have the 'force and effect of law.'" Perez v. Mortgage Bankers Ass'n, __ U.S. __, __, 135 S. Ct. 1199, 1203 (2015) (quoting Chrysler Corp. v. Brown, 441 U.S. 281, 302–303 (1979) (internal quotation marks omitted)).

In contrast, an agency need not engage in the notice-and-comment process for "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(A). Interpretive rules are "issued by an agency to advise the public

of its construction of the statutes and rules it administers," Shalala v. Guernsey Mem'l Hosp., 514 U.S. 87, 88 (1995), "are not determinative of issues or rights addressed," Batterton, 648 F.2d at 702, and "do not have the force and effect of law and are not accorded that weight in the adjudicatory process," Perez, __ U.S. at __, 135 S. Ct. at 1204 (citation omitted). Similarly, a policy statement "explains how the agency will enforce a statute or regulation—in other words, how it will exercise its broad enforcement discretion or permitting discretion under some extant statute or rule," and "are binding on neither the public nor the agency." Ass'n of Flight Attendants-CWA, AFL-CIO v. Huerta, 785 F.3d 710, 716 (D.C. Cir. 2015) (citations omitted).

As is the case here, "[i]f a second rule repudiates or is irreconcilable with [a prior legislative rule], the second rule must be an amendment of the first; and, of course, an amendment to a legislative rule must itself be legislative." Am. Mining Cong. v. Mine Safety & Health Admin., 995 F.2d 1106, 1109 (D.C. Cir. 1993) (alterations in original) (quoting Nat'l Family Planning & Reproductive Health Ass'n v. Sullivan, 979 F.2d 227, 235 (D.C. Cir. 1992)).[8] Thus, "it is clear that an agency does not 'amend' an established regulation merely by issuing a new interpretation of the regulation." Ass'n of Flight Attendants, 785 F.3d at 716 (citing Perez, __ U.S. at __, 135 S. Ct. at 1207–08). The defendant concedes in its motion that it has not amended its regulation pursuant to the notice-and-comment rulemaking procedures. Def.'s Mot. at 3 ("32 C.F.R. § 723.9 has not yet been formally updated."); see also 32 C.F.R. § 723.9. Thus, the defendant's recent policy memorandum does nothing in the eyes of the law to amend or supplant the procedures set forth in the challenged regulation. As the challenged regulation still

---

[8] This would be true regardless of whether the Court treated the defendant's memorandum as an interpretive rule or a general policy statement. See e.g., Ass'n of Flight Attendants, 785 F.3d at 716 ("In this case, it really does not matter whether [the agency's Notice] is viewed as a policy statement or interpretive rule. The main point here is that the Notice is not a legislative rule carrying 'the force and effect of law.'" (quoting Perez, __ U.S. at __, 135 S. Ct. at 1204)).

11

carries the "force and effect of law," Chrysler Corp., 441 U.S. at 302–303, the plaintiff's claims are not moot and the Court must deny the defendant's motion to dismiss.

   **B. The Plaintiff's Motion for Summary Judgment**

The plaintiff argues that the Navy's regulation governing reconsideration procedures—32 C.F.R. § 723.9—is unlawful because it contravenes the statutory authority that permits the Secretary of the Navy to correct military records—10 U.S.C. § 1552(a)(1). Am. Compl. 1–4. Specifically, the plaintiff argues that it is unlawful for the Executive Director to make determinations of materiality in requests for reconsideration because under 10 U.S.C. § 1552(a)(1) "'the Secretary [is] bound to act through the [Board], not its staff members,' when evaluating the merits of requests for reconsideration." Am. Compl. 4 (alterations in original) (quoting Lipsman, 335 F. Supp. 2d at 54). The Court agrees.

In Lipsman, a former member of this Court concluded that a similar Army regulation[9] was not in accordance with 10 U.S.C. § 1552 because it permitted the Board's staff, rather than the Board itself, to perform statutory functions committed to the Board. 335 F. Supp. 2d at 53–54. As the Court explained, "[i]n light of the plain meaning of 10 U.S.C. § 1552, . . . [the Army regulation was] 'arbitrary or capricious' and 'not in accordance with law,'" id. at 53, because "10 U.S.C. § 1552(a)(1) expressly requires that the Secretary, when exercising his discretion to correct military records, must 'act through boards of civilians,'" id. (quoting 10 U.S.C. §

---

[9] The regulation at issue in Lipsman read as follows:

> [Board] staff will review the request to determine if substantial relevant evidence is submitted showing fraud, mistake of law, mathematical miscalculation, manifest error, or the existence of substantial relevant new evidence discovered contemporaneously or within a short time after the [Boards]'s original consideration. If the [Board] staff finds such evidence, it will be submitted to the [Board] for its determination of whether a material error or injustice exists and the proper remedy. If the [Board] staff does not find such evidence, the application will be returned to the applicant without action.

335 F. Supp. 2d at 50 (citation omitted) (quoting 32 C.F.R. § 581.3(g)(4)(ii)).

1552(a)(1)). Reasoning that the statute "does not distinguish between original applications and subsequent requests for reconsideration," the court concluded that "the Secretary [is] bound to act through the [Board], not its staff members" when evaluating the merits of requests for reconsideration. Id. at 54. Accordingly, the Court ordered that the Army regulation be stricken, id. at 56, and remanded to the Board the plaintiff's request for reconsideration, id. at 56–57.

The Court finds Lipsman's reasoning convinving here. The challenged regulation improperly directs "the Executive Director of the Board to determine whether new and material evidence . . . has been submitted by the applicant" where reconsideration is requested, instead of directing the Board itself to conduct the inquiry. See 32 C.F.R. § 723.9. That division of labor is impermissible where the statute directs the Secretary to act through the Board itself. Cf. Lipsman, 335 F. Supp. 2d at 53–54; see also Mosley v. Dep't of Navy, No. 10-CV-973, 2011 WL 3651142, at *3 (N.D.N.Y. Aug. 18, 2011) (citing as persuasive Lipsman's reasoning concerning the legality of the Navy's regulation, but declining to decide the issue and resolving the case on other grounds); Schmidt v. United States, 89 Fed. Cl. 111, 124 (2009) (same). Because the regulation is inconsistent with the plain language of 10 U.S.C. § 1552(a)(1), the Court must conclude that the challenged regulation is unlawful. See, e.g., Chevron, 467 U.S. at 842–43 ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."). The defendant does not offer any argument in its opposition to find to the contrary, and even concedes that the analysis in Lipsman applies to the Navy's own regulation. See Def.'s Mot. at 2 ("[E]ffective September 16, 2014, [the] [d]efendant changed its policies and procedures used to process reconsideration cases to comply with Lipsman.").

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the plaintiff's claims are not moot, and the challenged regulation is invalid. Accordingly, the regulation is stricken and the plaintiff's request is remanded to the agency for further consideration consistent with this opinion.

**SO ORDERED** this 1st day of July, 2016.[10]

REGGIE B. WALTON
United States District Judge

---

[10] An Order consistent with this Memorandum Opinion shall be issued contemporaneously.